IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIE R. GRIFFIN, | * | |
| Plaintiff, | * | |
| v | * | Civil Action No. JFM-15-3779 |
| DEFENDANT UNKNOWN | * | |
| Defendant. | * | |

***

**MEMORANDUM**

On December 10, 2015, the Clerk received self-represented plaintiff Willie R. Griffin's one-page handwritten filing titled "Motion to Release Demand of Money Claim Amount of Dollar from Law Sue, and, or Property [sic]." ECF 1. No defendant is named in this matter. Further, Griffin has not paid the $400.00 filing fee or filed a motion to proceed in forma pauperis. For reasons to follow, requiring payment of the filing fee or additional information to assess his ability to pay the fee would be futile and merely delay resolution of this case.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to set forth "a short and plaint statement that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although the court must liberally construe the pleadings of self-represented litigants, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). Twombly, 550 U.S. at 555. To satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if...[the] actual proof of those facts is improbable

and...recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570.

Here, Griffin's incomprehensible one-page filing fails to meet the minimal pleading requirements set forth under Rule 8(a)(2). No cognizable cause of action is alleged or remotely suggested. There are no allegation in the complaint to give a defendant, were a defendant named, "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Further, this court's jurisdiction is not apparent from the face of the filing. Generally, federal jurisdiction is present when the case involves a federal question, pursuant to 28 U.S.C. §1331, or when the parties to the case are diverse, pursuant to 28 U.S.C. §1332. Federal question jurisdiction provides jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. §1331. Griffin indicates that his address is in Kalamazoo, Michigan, but because he fails to name a defendant or indicate the amount at issue, diversity of the parties jurisdiction is not demonstrated. 28 U.S.C. §1332. Griffin neither alleges nor does his filing suggest a federal question is presented. 28 U.S.C. §1331.

For these reasons, this matter will be dismissed without prejudice by separate order to follow.

_1/11/16_  
Date

_J. Frederick Motz_  
United States District Judge

DEPUTY
BY
AT BALTIMORE
CLERK'S OFFICE
2016 JAN 11 AM 10: 20
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
FILED

2